**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEITHY L. BAILEY,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
DA-0752-21-0428-I-1

DATE: January 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vanessa Duncan-Smith, Hackensack, New Jersey, for the appellant.

Albert Lum, Brooklyn, New York, for the appellant.

Theresa M. Gegen, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed without good cause shown. On review, the appellant challenges the administrative judge's finding that

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

she did not exercise due diligence or ordinary prudence in monitoring her appeal to ensure it was timely filed after submitting the relevant paperwork to her representatives. Petition for Review (PFR) File, Tab 1 at 3. She argues that the untimeliness of her appeal is due to Postal Service delivery errors and her representatives' lack of diligence. *Id.* at 3-5. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to explain why her arguments regarding mail delivery and lack of due diligence by her representatives do not provide good cause to excuse the delay, we AFFIRM the initial decision.

¶2      The Board has routinely held that an appellant is bound by the action or inaction of her chosen representative, and delays caused by a representative will not constitute good cause to excuse a filing delay. *Strong v. Department of the Navy*, 86 M.S.P.R. 243, ¶ 7 (2000). The Board will bypass this general rule when the appellant has proven that her diligent efforts to prosecute her appeal were, without her knowledge, thwarted by her representative's deceptions and negligence. *Id.* However, an appellant remains responsible for monitoring the progress of her appeal, and her unwarranted belief that her representative is pursuing her appeal is not a proper basis for finding due diligence. *Id.* Here,

the appellant has not alleged deception by her representatives. Further, as discussed below, she has not shown that she monitored her appeal.

¶3    Alternatively, it may be appropriate to find good cause for an attorney's negligent failure to meet a deadline when an appellant did "*everything* that could reasonably be expected of her" to ensure her attorney met the deadline, but he still failed to do so. *Herring v. Merit Systems Protection Board*, 778 F.3d 1011, 1012-15, 1017-18 (Fed. Cir. 2015) (finding good cause for a 10-day filing delay when the appellant had taken all steps necessary to ensure a timely filing, including contacting her attorney 6 days before the deadline and getting assurance that the appeal would be timely filed) (emphasis in original). We find the circumstances here are not appropriate for finding good cause on this basis.

¶4    On August 12, 2021, the appellant mailed her appeal form and other materials to her representatives via U.S. Postal Service Express Mail. Initial Appeal File (IAF), Tab 7 at 12-13. One of her representatives submitted a declaration below stating that he regularly checked the post office box to which the appellant mailed her Express Mail package on August 12, 2021, and he did not receive either the package or notice that it was available for pick up. *Id.* at 13. The agency's tracking information reflects that, as of August 16, 2021, it had generated two notices that the package was available. IAF, Tab 10 at 27. After no one retrieved the package, the agency designated it as unclaimed on August 28, 2021, and proceeded to return it to the appellant. IAF, Tab 7 at 13, Tab 10 at 27. The Postal Service ultimately delivered the returned package to the appellant after the deadline for filing the instant appeal.[2] IAF, Tab 10 at 26.

---

[2] The Board has found that an appellant who fails to pick up mail delivered to her post office box is deemed to have constructively received the mail the date it was delivered to the box. *Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶ 9 (2017); 5 C.F.R. § 1201.22(b)(3). We find it unnecessary here to resolve whether the appellant's representatives received constructive notice of the appellant's August 12, 2021 package when the Postal Service attempted delivery. Assuming that her representatives did not, as claimed, receive either the package or notices that it was available, we still find the appellant failed to exercise due diligence.

¶5     Here, the appellant did not do everything she could to ensure timely filing of her appeal. For the first time on review, she attests that, on the same day that she mailed her package containing her appeal form, she "verbally notified" one of her representatives that she sent the paperwork and emailed another a copy of all paperwork she had mailed via Express Mail along with the Express Mail tracking number. PFR File, Tab 1 at 3. She indicated that her representatives never notified her that they did not receive her paperwork. *Id.*; IAF, Tab 7 at 12-13. However, she also did not contact her representatives to inquire about her appeal until September 29, 2021, when she received information that she was "being taken off the employment roll." IAF, Tab 7 at 12-13. At that time, one of her representatives advised her that he never received her appeal paperwork. *Id.* The appellant filed her appeal the next day but by that point was untimely by approximately 45 days. IAF, Tab 1, Tab 10 at 28-33.

¶6     We agree with the administrative judge that the appellant did not take the necessary steps to ensure her appeal was timely filed. IAF, Tab 12, Initial Decision (ID) at 5. On review, she does not challenge the administrative judge's finding that she did not contact her representatives at any point between August 12, when she mailed her appeal package, and the August 16, 2021 filing deadline to confirm that they received her paperwork and would file the appeal on her behalf. ID at 5. She also does not dispute that she failed to check the tracking information for her package, which reflected that it was unclaimed and being returned to her as of August 28, 2021. ID at 5; IAF, Tab 7 at 9. Instead, she waited until she learned she was being taken off the agency's rolls to follow up on whether her representatives had filed her appeal.

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.